UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Dale M. Shiffman,

    Plaintiff,

  v.

Thermal Industries, Inc.,

    Defendant.

Case No. 1:05cv214

Judge Michael R. Barrett

## OPINION AND ORDER

This matter is before the Court upon Defendant's Motion for Summary Judgment (Doc. 14). Plaintiff has filed a Response in Opposition (Doc. 19) and Defendants have filed a Reply (Doc. 21). This matter is now ripe for review.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On April 4, 2005 Plaintiff Dale M. Shiffman filed a complaint against Defendant Thermal Industries, Inc. alleging age discrimination in violation of the Age Discrimination in Employment Act (ADEA) (Count I), O.R.C. §4112.02 and 4112.99 (Count II)[1], and Ohio Public Policy (Count III). Mr. Shiffman was an employee of Thermal Industries, Inc., a manufacturer and seller of windows, patio enclosures and decking materials (Shiffman Affidavit, ¶4).

Plaintiff was hired by Defendant on or about April 1, 2001 as a sales representative (Shiffman Affidavit, ¶2). Plaintiff was 47 years old at the time he was hired (Shiffman

---

[1]Because "Ohio courts examine Title VII, Age Discrimination in Employment Act and state employment-discrimination claims under federal case law interpreting Title VII," Bucher v. Sibcy Cline, Inc., 738 N.E.2d 435, 442 (Ohio Ct. App. 2000), Plaintiff's state law age discrimination cause of action stands or falls with the federal one. Therefore, the Court need analyze only Plaintiff's ADEA claim.

Affidavit, ¶3). Defendant hired Plaintiff expressly to stop the declining sales and to increase sales (Plaintiff Depo. at 7). Plaintiff was also told to maintain the business that remained with Defendant and to add new customers (*Id.* at 49). Over the course of Plaintiff's employment with Defendant, sales continued to decline and Plaintiff failed to open any new major accounts (*Id*. at 7-9, 23, 25, 36-37, 61-63). When Plaintiff was first hired he was responsible for the following territories: Dayton, Louisville, Lexington, Indianapolis and Cincinnati. In 2003, Defendant reassigned the Indianapolis territory to another salesmen within the company to help Plaintiff focus on his Ohio and Kentucky territories. Plaintiff was thrilled with this reassignment (*Id.* at 18-19). Despite having one less territory to cover, Plaintiff still failed to increase sales.

  Plaintiff asserts that he was unable to increase sales due to the lack of training he received and the market conditions (Shiffman Affidavit, ¶26-27). Despite not increasing sales, Plaintiff received a slight raise to his base salary each year, 3.4% in December 2001, 3.1% in April 2002, and 4.3% in April 2003 (Shiffman Affidavit, ¶6). Plaintiff also asserts in his affidavit that he was at 119% of his sales goals for the period immediately preceding his termination (Shiffman Affidavit, ¶8). However, in his deposition, Plaintiff admits that the 119% figure is inaccurate (Plaintiff Depo. at 195-196). Defendant asserts that the 119% is flawed due to the removal of the Indianapolis territory from the Cincinnati branch (Milt Law Depo. at 77-78) and that in reality Plaintiff was significantly below his sales goals (*Id*. at 81-83). At the 2003 National Sales Meeting, held in Pittsburgh, PA, Plaintiff finished second out of approximately 40 sales representatives in two out of three categories, the Dreamwood Promotion and new dealer applications (Plaintiff Depo. at 15, Shiffman Affidavit, ¶13).

In 2004 Defendant changed its compensation plan to provide for a lower base salary for sales representatives, a lower bonus for already established customers and a higher bonus for new customers (*Id*. at ¶ 14, 15). This new compensation plan was established to encourage its sales representatives to obtain new customers (*Id*. at ¶ 15). Plaintiff was not happy about this new compensation plan (*Id.* at ¶ 16). Plaintiff felt that this new compensation plan would benefit younger sales representatives and harm older sales representatives. He felt that it made it difficult for an older employee with family responsibilities to live on the lower base salary (*Id*. at ¶ 16-19).

In addition to his failure to increase sales, Defendant also claims that Plaintiff had a poor attitude and that months prior to Plaintiff's termination Defendant informed Plaintiff that his negative attitude and constant complaining was not productive (Plaintiff Depo. at 145, 147). This is not disputed and Plaintiff concedes that his negative attitude could have adversely affected his sales (*Id.* at 179-180).[2]

On or about August 2, 2004 Plaintiff was terminated (Shiffman Affidavit, ¶2) for not increasing sales, for not stopping the decreasing sales, and for consistently failing to meet his sales goals (Law Depo. at 47). Plaintiff acknowledged that not increasing sales and not meeting sales goals are legitimate reasons for a sales representative's termination (Plaintiff Depo. at 229). Plaintiff was replaced by Sean Knollman who is under 40 years old (Shiffman Affidavit, ¶20).

---

[2]Much has been made of Plaintiff's previous drug conviction and his decision to inform certain customers of his criminal history. Although it is disputed whether or not Plaintiff's decision to share this information actually hurt his sales, it is not an issue that the Court will consider because regardless of how his criminal history affected sales, Plaintiff acknowledges that sales did not increase.

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has met its burden of production, the non-moving party cannot rest on his pleadings, but must present significant probative evidence in support of his complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). The mere existence of a scintilla of evidence to support the non-moving party's position will be insufficient; the evidence must be sufficient for a jury to reasonably find in favor of the non-moving party. *Id.* at 252.

### B. Small Claims Action.

Defendant argues at page 7 of its Motion for Summary Judgment (Doc. 14) that Plaintiff is barred from bringing this action as Plaintiff had previously sought to recover back pay and unpaid bonuses in small claims court in Butler County, Ohio. Defendant asserts that Plaintiff's small claims court case arises out of the same transaction or occurrence as that which is the subject of this matter. The Court disagrees. The state court action was filed to recover monies owed to Plaintiff for work performed prior to his termination. That is not the same transaction or occurrence as is present before this Court, specifically

4

Plaintiff's claim of age discrimination.

C. <u>Age Discrimination</u>.

The ADEA makes it "unlawful for an employer . . . to discharge any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1). Subject to certain exceptions not relevant here, this protection applies "to individuals who are at least 40 years of age." *Id.* § 631(a). "An employee may establish a claim under the ADEA by offering either direct or circumstantial evidence of age discrimination." *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003) (en banc). To establish a *prima facie* claim under the ADEA, Plaintiff is required to show that he is age 40 or over, was subjected to an adverse employment action, was qualified for the position, and was replaced by a younger person, in order to make out a prima facie case of age discrimination. *See Barnes v. GenCorp Inc.*, 896 F.2d 1457, 1464 (6th Cir. 1990); *Johnson v. University of Cincinnati*, 215 F.3d 561, 573 (6th Cir. 2000). Where, as here, Plaintiff's age-discrimination claim is based on circumstantial rather than direct evidence, the burden-shifting framework developed by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973) applies. See, e.g., *Coomer v. Bethesda Hosp., Inc.*, 370 F.3d 499, 510 (6th Cir. 2004); *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 350 (6th Cir. 1998).

The *McDonnell Douglas* framework proceeds in three steps:

> First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that

> the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

*Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-53, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981) (quoting *McDonnell Douglas*, 411 U.S. at 802). "Although intermediate evidentiary burdens shift back and forth under this framework, 'the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.'" *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (U.S. 2000) (quoting *Burdine*, 450 U.S. at 253). The Supreme Court in *Reeves* stated:

> ...the plaintiff may attempt to establish that he was the victim of intentional discrimination "by showing that the employer's proffered explanation is unworthy of credence." Moreover, although the presumption of discrimination "drops out of the picture" once the defendant meets its burden of production, the trier of fact may still consider the evidence establishing the plaintiff's prima facie case "and inferences properly drawn therefrom . . . on the issue of whether the defendant's explanation is pretextual," (internal citations omitted).

Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. at 143 (U.S. 2000).

For purposes of this motion, the Court will presume that Plaintiff has established a *prima facie* claim of age discrimination thereby shifting the burden upon Defendant to show a legitimate nondiscriminatory reason for Plaintiff's termination.[3] *See McDonnell, supra.* Defendant hired Plaintiff to increase its sales. It is undisputed that sales did not increase during Plaintiff's employment with Defendant, the very fact that Defendant argues caused Plaintiff's termination. Plaintiff admits that he did not increase sales and that he did not

---

[3]Although it is clear that Plaintiff is over 40, that he was terminated and then replaced by a younger person, the issue of whether or not Plaintiff was qualified is not as clear. However, since Defendant does not address this issue neither will the court.

6

establish any new major accounts while he was employed by Defendant. The Sixth Circuit has previously held that a continued failure to meet sales quotas and poor performance are legitimate, nondiscriminatory reasons for one's termination. *Gregory v. Interface Flooring Systems, Inc.,* 66 F.3d 325 (6th Cir. 1995) (unpublished). Thus, the Court finds that Defendant articulated a legitimate, nondiscriminatory reason for Plaintiff's termination.

The burden now shifts back to Plaintiff to show that the Defendant's legitimate proffered reason for his termination is a pretext for age discrimination. This circuit has recognized three primary routes to proving pretext: the plaintiff may show "either (1) that the proffered reasons had no basis in fact, (2) that the proffered reasons did not *actually* motivate his discharge, or (3) that they were *insufficient* to motivate discharge." *Weigel v. Baptist Hosp. of E. Tenn.*, 302 F.3d 367, 378 (6th Cir. 2002) (quoting *Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1084 (6th Cir. 1994)).

In his memorandum in opposition to Defendant's motion for summary judgment (Doc. 19), Plaintiff does not dispute that sales decreased but instead asserts that Plaintiff's failure to increase sales is due to Defendant's failure to properly train him. Since Plaintiff admits that he did not increase sales, he can not show that the proffered reason for his termination has no basis in fact. Plaintiff argues that because he was given nominal raises, was among the top sales leaders in two promotional areas at the 2003 national sales meeting and was at 119% of his sales goal for the quarter immediately prior to his termination, a number that is hotly disputed, that his termination is pretextual. However, even taking Plaintiff's assertions as true, Plaintiff admitted that he did not increase sales for the Cincinnati branch nor did he sign any major accounts. Thus, Plaintiff can not show

that the proffered reason has no basis in fact.

In addition, Plaintiff has failed to show any evidence to support an argument that the proffered reasons did not actually motivate his discharge. A Plaintiff who brings a claim under the ADEA must prove that age was a determining factor in the adverse action that the employer took against him. *Wilson v. Firestone Tire & Rubber Co.*, 932 F.2d 510 (6th Cir. 1991), see also *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. at 146 (2000) (We must, as an essential final step, determine whether Reeves presented sufficient evidence that his age motivated [respondent's] employment decision). Plaintiff has provided no evidence that his age in any way was a factor in his termination. He cites to no evidence in the record to support his age discrimination claim. To the contrary Plaintiff stated that Defendant claims to take pride in hiring older employees. *See* Schiffman, Affidavit, ¶18. Plaintiff's only evidence that he was fired due to his age is that a younger person was hired to replace him. This is insufficient to prove age discrimination. In fact, in his deposition in response to a question regarding the basis for his age discrimination claim, Plaintiff responded "I can't answer that. I don't know." (Plaintiff Depo. at 157). Furthermore, Plaintiff was not aware of any age based remarks made to him or about him. (Id. at 154).

Plaintiff, however, does argue that the new compensation plan that was instituted in 2004 was more undesirable for older employees than younger employees and that he let his feelings about this new plan be known. The new plan provided for a smaller base salary with a certain bonus paid on sales to current customers and a much larger bonus paid to new customers. Basically, had Plaintiff brought in new customers the potential to

earn more money was greater under the new compensation plan. Plaintiff's main complaint with the new plan was that he would be unable to support his family on the smaller base salary. Plaintiff felt that the new plan made it difficult for an older employee with family responsibilities to live on the lower base salary. When, in fact, the pain of a smaller base salary would be felt by all. In addition, Plaintiff admits that all new hires were coming in under the new plan regardless of age (Plaintiff Depo. at 152) and all employees would be subject to the same compensation plan (*Id.* and Law Depo. at 85). The Court finds that Plaintiff has failed to show that the new plan had anything to do with his termination or his age. The new plan was incentivized to bring in new business (Plaintiff Depo. at 199) and by its very nature affected all employees the same and was not biased towards older employees.

Finally, Plaintiff admits that a failure to increase sales is a ground for dismissal, thus, Plaintiff can not show that the legitimate reason proffered by Defendant is "insufficient" to motivate his discharge. See also *Gregory v. Interface Flooring Systems, Inc.,* 66 F.3d 325 (6th Cir. 1995) (unpublished) (a continued failure to meet sales quotas and poor performance are legitimate, nondiscriminatory reasons for one's termination).

D.  Public Policy.

Plaintiff alleges that his termination is a violation of Ohio public policy. However, this Court has recognized that Ohio courts have held that "[a] claim for wrongful discharge in violation of public policy embodied in [a] statute prohibiting discriminatory practices will fail if the underlying discrimination claim fails." *Desanzo v. Titanium Metals Corp.*, 351 F. Supp. 2d 769, 782-783 (S.D. Ohio 2005) (holding that because plaintiff's disability

9

discrimination claim failed, his public policy claim failed as a matter of law).  Thus, since Plaintiff's age discrimination claim failed so too must his public policy claim.

Moreover, even if the age discrimination claim did not fail, the public policy claim would still not survive.  *See Rosen v. CBC Companies*, 2006 WL 783371, *3 (S.D.Ohio March 24, 2006) (unpublished) (holding that because remedies available under Title VII and Chapter 4112 are adequate, plaintiff's claim for wrongful discharge in violation of Ohio public policy must be dismissed); *Stange v. Deloitte & Touche*, 2006 WL 871242, *3 (S.D.Ohio April 5, 2006) (unpublished) (same).

Based on the foregoing, Defendant's Motion for Summary Judgment is GRANTED as to Counts I, II and III.

**IT IS SO ORDERED.**

                                              s/Michael R. Barrett
                                              Michael R. Barrett, Judge
                                              United States District Court